TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
TALYA M. SEIDMAN (Cal. Bar No. 336534)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-7137
    Facsimile: (213) 894-7819
    E-mail: Talya.Seidman@usdoj.gov

Attorneys for Defendants
Christopher Wray and Chad Warren

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SIAKA MASSAQUOI,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, CHAD WARREN,<br><br>    Defendants. | Case No. 2:21-cv-08569-SVW-PD<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF TALYA M. SEIDMAN IN SUPPORT THEREOF**<br><br>([Proposed] Order filed concurrently herewith)<br><br>Hearing Date:  March 21, 2022<br>Hearing Time:  1:30 p.m.<br>Ctrm:  10A<br><br>Honorable Stephen V. Wilson<br>United States District Judge |

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that, on March 21, 2022 at 1:30 p.m., as soon thereafter as they may be heard, defendants Christopher Wray and Chad Warren ("Defendants") will move this Court for an order dismissing Plaintiff's complaint. This motion will be made before the Honorable Stephen V. Wilson, United States District Judge, in Courtroom 10A of the First Street United States Courthouse, located at 350 West 1st St., Los Angeles, CA 90012.

Defendants bring the motion pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Siaka Massaquoi ("Plaintiff") fails to state a claim upon which relief can be granted. Plaintiff's claims have already been rejected by this Court. Therefore, Plaintiff's complaint should be dismissed with prejudice and without leave to amend.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities and Declaration of Talya M. Seidman ("Seidman Decl."), and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

Defendant's counsel attempted to initiate the L.R. 7-3 conference by email on February 4, 2022. Counsel was unable to conduct the conference because Plaintiff did not respond to her attempts. *See* Seidman Decl. ¶¶ 2-7.

Dated: February 15, 2022                    Respectfully submitted,

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

   /s/ *Talya M. Seidman*
TALYA M. SEIDMAN
Assistant United States Attorney
Attorneys for Defendants
Christopher Wray and Chad Warren

i

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff admits that he attended, participated, and entered the United States Capitol building (the "Capitol") on January 6, 2021. As part of its investigation into the Capitol riot, and pursuant to a warrant, the FBI allegedly seized some of Plaintiff's belongings. Plaintiff's complaints have twice been dismissed, and he has been given two opportunities to amend his complaint to state a claim. Plaintiff has failed to do so. His current complaint has already been rejected by this Court. Plaintiff's amended complaint should therefore be dismissed with prejudice and without leave to amend.

## II. PROCEDURAL BACKGROUND

### A. *Massaquoi I*

On July 15, 2021, Plaintiff filed suit naming the FBI, FBI Special Agent Chad Warren, FBI Director Christopher Wray, the United States of America, and Unidentified FBI Agents #1 through #20. *Massaquoi v. Wray, et al.*, case no. 2:21-cv-05722-SVW-PD ("*Massaquoi I*"), Dkt. 1. Plaintiff admits that he joined others on January 6, 2021, at the Capitol, but contends that he did not engage in any violent acts, and was exercising his First Amendment rights. *Id.* ¶¶ 20, 22-24. Plaintiff admits that he entered the Capitol, but asserts he did so at the invitation of law enforcement officers. *Id.* ¶¶ 79-81.

Plaintiff names FBI Director Wray for public comments Director Wray made that the FBI would investigate and seek justice against those who were responsible for the violence committed on that day. *See id.* ¶¶ 26-27. Plaintiff likens the FBI's mission to investigate the Capitol wrongdoers as the "Secret Police," "Gestapo," and the "Third Reich." *Id.* ¶¶ 28-29. Plaintiff alleges on the morning of June 10, 2021, FBI agents invaded his home, handcuffed the adults outside the home, and confiscated certain items. *Id.* ¶¶ 32-52. Plaintiff names FBI Special Agent Warren because he "was mostly in charge of the actions of the FBI agents on scene at [his] home." *Id.* ¶ 37.

Because Plaintiff was proceeding pro se, the Magistrate Judge, the Honorable Patricia Donahue, screened Plaintiff's complaint. Dkt. 4. On August 16, 2021, the Court

1

dismissed Plaintiff's complaint with leave to amend. *Id.* Specifically, the Court explained that Fed. R. Civ. P. 8(a) requires "fair notice" of a claim. *Id.* at 3, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007). The Court explained that at a minimum, the complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *Id.* at 3-4, quoting *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996). The Court also explained that as a pro se litigant, Plaintiff lacked standing to bring suit on behalf of others, and could not maintain a class action lawsuit. *Id.* at 4, citing *McShane v. United States*, 366 F.2d 286, 288-89 (9th Cir. 1966); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

  The Court also explained that Plaintiff could not bring an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) against the United States or government officials in their official capacities because "*Bivens* suits do not permit vicarious liability." *Id.* at 5 (citations omitted). Further, a *Bivens* suit cannot provide for injunctive relief. *Id.* at 6 ("Therefore, to the extent that Plaintiff is seeking injunctive relief against Defendants in their individual capacity, under *Bivens*, for the return of his property and to restrain them from further targeting him for his political beliefs and association, his request should be dismissed.") (citation omitted).

  The Court then addressed each of Plaintiff's constitutional claims. As for Plaintiff's First Amendment claim, the Court first noted that the Supreme Court case of *Ziglar v. Abbasi*, —U.S.—, 137 S. Ct. 1843, 1856-57 (2017), severely restricted the availability of *Bivens* remedies outside certain situations within the Fourth, Fifth and Eighth Amendment context. *Id.* at 5, 6. The Court concluded that Plaintiff's First Amendment claim failed to meet the requirements under Fed. R. Civ. P. 8 because the complaint "fail[ed] to provide each Defendant with fair notice of how their individual actions resulted in the deprivation of Plaintiff's First Amendment right." *Id.* at 6.

  As to Plaintiff's Fourth Amendment claim, the Court found that the claim was not cognizable against Director Wray because it failed to "sufficiently set forth specific facts regarding Defendant Wray's causal role in [Plaintiff's] Fourth Amendment violation

pursuant to Rule 8." *Id.* at 7. The Court also noted that there is no supervisor liability in a *Bivens* claim. *Id.* The Court found these same deficiencies in Plaintiff's Fifth Amendment claim. *Id.* Finally, the Court noted that Plaintiff could not maintain a Privacy Act claim against individuals, but only against the FBI. *Id.* at 7-8. The Court sua sponte dismissed the complaint and gave Plaintiff detailed instructions on what must be included in any amended complaint. *Id.* at 8.

Instead of amending the complaint, on September 15, 2021, Plaintiff filed a notice of voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(1). Dkt. 5.

**B.** *Massaquoi II*

On August 30, 2021, Plaintiff filed a small claims complaint in Los Angeles County Superior Court, case no. 21PDSC01643, which was served on October 29, 2021. *See* Dkt. 1 (Notice of Removal), Ex. 1 ("*Massaquoi II*"). Plaintiff named FBI Special Agent Warren as having "illegally raided my house and illegally seized my property, rendering me unable to perform my job, causing me to lose income." *Id.* at 1. Plaintiff made the same allegations as to the FBI, adding that the "seized property prevented me from doing my job as and [*sic*] actor and producer." *Id.* at 6. Plaintiff did not name any other defendants. *See id.*

On October 29, 2021, the FBI removed Plaintiff's complaint from the Los Angeles County Superior Court to this Court under 28 U.S.C. § 1442.[1] Dkt. 1. On November 5, 2021, the FBI and Special Agent Warren moved to dismiss *Massaquoi II*. Dkt. 8. Plaintiff responded to the motion on November 19, 2021, seeking a 45-day extension in order to "seek and acquire representation and file an opposition." Dkt. 16. On December 1, 2021, the Court deemed the motion to dismiss submitted, and issued an order granting the motion with leave to amend. Dkt. 13, 18.

The Court found that "[t]o the extent Plaintiff's pleading presents a cognizable claim, Plaintiff appears to make potential *Bivens* claims for violations of the Fourth and

---

[1] The removed complaint was initially assigned to the Honorable Stanley Blumenfeld, but was transferred to this Court on November 5, 2021. Dkt. 9.

3

Fifth Amendments or tort claims for the negligent or wrongful acts of government employees." Dkt. 18 at 2. The Court reiterated that it did not have subject matter jurisdiction over Plaintiff's claim against the FBI under *Bivens*. *Id.* As to Special Agent Warren, the Court found that Plaintiff's complaint failed under Fed. R. Civ. P. 8(a). *Id.* As to the United States, the Court found that to the extent that Plaintiff was attempting to assert a tort claim, Plaintiff must allege that he complied with the Federal Tort Claims Act ("FTCA"). *Id.* at 2-3 ("Thus, an FTCA action may not be maintained when the claimant fails to exhaust administrative remedies prior to filing suit.") (citations omitted). The Court further found that "the FBI and Agent Warren would have absolute immunity from common law FTCA claims." *Id.* at 3 (citations omitted). The Court dismissed the complaint and allowed Plaintiff to file an amended complaint by February 1, 2022. *Id.*

On February 1, 2022, Plaintiff filed a nearly identical "Certification of a Class of Similarly Situated Plaintiffs Requested" and "Amended Complaint" as in *Massaquoi I*. Dkt. 20. The only difference between the complaints filed in *Massaquoi I* and *Massaquoi II* appears to be that in *Massaquoi II* Plaintiff has omitted the FBI and the United States as defendants, and lists Larry Klayman, Esq. of Freedom Watch, Inc. as "Of Counsel/Pro Hac Vice To be Filed."

### III.   ARGUMENT

Construing Plaintiff's February 1, 2022 filing as an amended complaint, it should be dismissed for the reasons previously found by the Court.

Plaintiff's First Amendment claim fails because the Supreme Court has severely restricted the availability of *Bivens* remedies outside certain situations within the Fourth, Fifth and Eighth Amendment. *Massaquoi I*, Dkt. 4 at 5, 6. Moreover, because Plaintiff's allegations are nearly identical to those already rejected under Fed. R. Civ. P. 8(a), Plaintiff's claim fails for this additional reason. *Id.*

Plaintiff's Fourth Amendment claim fails against Director Wray because *Bivens* does not provide for supervisor liability and Plaintiff has failed to plead any causal

4

1 connection between Director Wray and his complaints as the Court has previously found. *See id.* at 7. Thus, Plaintiff cannot state a claim against Director Wray, Director Wray must be dismissed with prejudice.

As for Special Agent Warren, Plaintiff admits that Special Agent Warren was acting pursuant to a warrant. *See Massaquoi II*, Dkt. 20 at ¶ 41. Although Plaintiff speculates that "the warrant was obtained by Defendants through intentional lies if not outright fraud," a search conducted under a warrant shields the federal officer from a *Bivens* claim. *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012) ("Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.'") (quoting *United States v. Leon*, 468 U.S. 897, 922-23 (1984)).

Here, because even Plaintiff admits that a warrant was issued, Special Agent Warren is entitled to qualified immunity "even assuming that the warrant should not have been issued." *Id.* at 546. Plaintiff admits that he entered the Capitol. *Massaquoi II*, Dkt. 20 at ¶ 77 (Plaintiff "peered into an open door, walked only a few steps in the U.S. Capitol, and took photographs and video with his smart phone."). By Plaintiff's own admissions of his actions on January 6, 2021, the warrant was not "entirely unreasonable." Plaintiff therefore will be unable to plead that the "warrant was 'based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *Messerschmidt*, 565 U.S. at 547 (quoting *Leon*, 468 U.S. at 923).

Plaintiff Fifth Amendment claim fails because even though the Supreme Court has found an exception to bringing a *Bivens* claim under the Fifth Amendment, it was in the context of a violation of the Due Process Clause on the basis of gender discrimination. *See Massaquoi I*, Dkt. 4 at 5 (citing *Davis v. Pressman*, 442 U.S. 228, 248-49 (1979)). Plaintiff's Fifth Amendment claim does not fit into this limited exception and should be excluded under *Abbasi*, 137 S.Ct. at 1854-55. Further, Plaintiff again recites the same

5

allegations that were previously rejected as having failed to meet the Fed. R. Civ. P. 8(a) requirements, and fails for this additional reason. *Massaquoi I*, Dkt. 4 at 5.

Plaintiff's Privacy Act claim fails because as the Court previously explained, a Privacy Act claim cannot be maintained against individuals, but only against the federal agency. *See Massaquoi I*, Dkt. 4 at 7 (quoting *Armstrong v. U.S. Bureau of Prisons*, 976 F. Supp. 17, 23 (D.D.C. 1997)). Because Plaintiff's amended complaint omits the FBI as a defendant, his Privacy Act claim fails as a matter of law.

Finally, Plaintiff requests class certification. *See Massaquoi II*, Dkt. 20 at 22. This Court, however, previously explained that Plaintiff could not pursue a class action lawsuit because he was proceeding pro se. *Massaquoi I*, Dkt. 4 at 4. The inclusion of an attorney on the caption in *Massaquoi II*, Mr. Klayman, who is purportedly seeking pro hac vice permission, may be an attempt to address this deficiency. Mr. Klayman, however, has not filed a pro hac vice application, let alone been given permission to practice before this Court. *See Massaquoi II*, Dkt. *generally*. The D.C. Bar lists Mr. Klayman's status as "TEMPORARY DISCIPLINARY SUSPENSION."[2] https://join.dcbar.org/eWeb/DynamicPage.aspx?Site=dcbar&WebCode=FindMemberResults (capitalization in original).

Mr. Klayman has requested that the U.S. Attorney's Office "consent to my entry into the case pro hac vice." Seidman Decl. ¶ 5, Ex. 1. The U.S. Attorney's Office responded that consent is unnecessary to apply pro hac vice in this district, to which Mr. Klayman again requested consent "as a professional courtesy as other attorneys do with me." *Id.* The district's pro hac vice application, form G-64, does not require consent but it does require that an attorney applying to practice in this district aver whether he or she

---

[2] Mr. Klayman is also listed on the Southern Poverty Law Center website as "a pathologically litigious attorney and professional gadfly notorious for suing everyone from Iran's Supreme Leader to his own mother." https://www.splcenter.org/fighting-hate/extremist-files/individual/larry-klayman. It was also reported in *Politico* on September 16, 2020, that the "D.C. Bar officials contend the famously litigious Klayman misrepresented facts, filed meritless legal pleadings and brought frivolous demands." https://www.politico.com/news/2020/09/16/has-larry-klayman-finally-gone-too-far-416353.

is an active member in good standing in another jurisdiction. Mr. Klayman's delay in applying pro hac vice, and requesting "consent" may be due to the fact that is not in good standing before the D.C. Bar. Regardless of why Mr. Klayman has not sought to represent Plaintiff in this lawsuit, the fact remains that Plaintiff is unrepresented, and his class action attempt fails as the Court has previously found.

Finally, Plaintiff's "Amended Complaint" should be dismissed with prejudice and without leave to amend because Plaintiff is playing games with this litigation. The Court afforded Plaintiff the opportunity to amend the complaint in *Massaquoi I* on August 16, 2021. *Massaquoi I*, Dkt. 4. Two weeks after the Court issued the order, on August 30, 2021, Plaintiff filed a small claims complaint in the Los Angeles County Superior Court naming the FBI and FBI Special Agent Warren for monetary damages for the same complaints he had made before this Court. *Massaquoi II*, Dkt. 1, Ex. 1. On September 15, 2021, Plaintiff voluntarily dismissed *Massaquoi I*, Dkt. 5.

Plaintiff may have believed that if he filed in state court, he would not have to abide by the Court's order and could potentially seek a default against the FBI and FBI Special Agent Warren. When the FBI removed the small claims complaint, and this Court again dismissed his complaint with leave to amend in *Massaquoi II*, Dkt. 18, Plaintiff filed essentially the same complaint that had previously been rejected in *Massaquoi I*. Plaintiff's gamesmanship should not be rewarded. Having been given two chances to amend his complaint, Plaintiff should not be given a third. Plaintiff has failed to state a claim and there is no reason to believe that he would be able to do so on a third attempt. In such instances, where there is a "futility of amendment" and "plaintiff has previously amended his complaint," granting a motion without leave to amend is appropriate. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, —U.S.—, 135 S.Ct. 1591 (2015); *see also Zeppeiro v. Green Tree Servicing, LLC*, 2015 WL 12660398, at *11 (C.D. Cal. Apr. 15, 2015) (where "the court has issued detailed rulings suggesting how [plaintiff] might be able to allege facts sufficient to state viable claims for relief, or show he has

suffered a cognizable injury, [plaintiff] has filed substantially identical complaints that fail to cure the deficiencies noted by the court," the district court dismissed the complaint without leave to amend).

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this motion and dismiss Plaintiff's amended complaint with prejudice and without leave to amend.

Dated: February 15, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

  /s/ *Talya M. Seidman*
TALYA M. SEIDMAN
Assistant United States Attorney

Attorneys for Defendants
Christopher Wray and Chad Warren

8

## DECLARATION OF TALYA M. SEIDMAN

I, TALYA M. SEIDMAN, do hereby declare and state as follows:

1. I am an Assistant United States Attorney for the Central District of California. I am the attorney responsible for representing the Defendants in this action. I make this declaration based upon my personal knowledge. If called as a witness, I could and would testify competently thereto.

2. On February 4, 2022, I attempted to initiate the L.R. 7-3 conference by emailing Plaintiff of Defendants' intended motion to dismiss. I stated the basis for the motion and requested a conference. The email was sent to Plaintiff's email address listed on the Amended Complaint. This email address was the same one on which I had previously communicated with Plaintiff on October 29, 2021.

3. Plaintiff did not respond to my February 4, 2022, email.

4. On February 8, 2022, I sent another email to Plaintiff in a second attempt to initiate the L.R. 7-3 conference. Plaintiff did not respond to this email.

5. On February 9, 2022, I received an email from Larry Klayman, who requested that I consent to his "entry into this case pro hac vice." Mr. Klayman wrote: "I will then file a consent pro hac vice motion with the Court." Mr. Klayman copied Plaintiff at the same email address I had used in my February 4 and February 8, 2022, correspondence.

6. On February 10, 2022, I responded to Mr. Klayman that he did not need my consent to apply pro hac vice in this district. I copied the form for the proc hac vice application form in my email. Mr. Klayman responded to my email: "Yes but I am asking for it as a professional courtesy as other attorneys do for me." A true and correct copy of my correspondence with Mr. Klayman is attached hereto as Exhibit 1.

7. I did not respond to Mr. Klayman's email, and I have no intention to "consent" to Mr. Klayman applying to this district pro hac vice. Instead, I found that the D.C. Bar had suspended Mr. Klayman's license, and that Mr. Klayman was listed on the Southern Poverty Law Center website as "a pathologically litigious attorney and

9

professional gadfly notorious for suing everyone from Iran's Supreme Leader to his own mother."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 15, 2022, in Los Angeles County, California.

           */s/ Talya M. Seidman*
           TALYA M. SEIDMAN
           Assistant United States Attorney