FILED

2022 FEB 28 PM 2:28

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

SIAKA MASSAQUOI
C/O 269 S. BEVERLY DRIVE #1298
BEVERLY HILLS, CA, 90621
TEL: 3107507362
EMAIL: SIAKAMASSAQUOI@GMAIL.COM

*Plaintiff Pro Se*

LARRY KLAYMAN, ESQ.
FREEDOM WATCH, INC.
7050 W. PALMETTO PARK RD
BOCA RATON, FL, 33433
TEL: 561-558-5336
EMAIL: LEKLAYMAN@GMAIL.COM

*Of Counsel/ Pro Hac Vice To be Filed*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

SIAKA MASSAQUOI

    Plaintiff,

v.

CHRISTOPHER A. WRAY, CHAD WARREN,
UNIDENTIFIED FBI AGENTS #1 THROUGH #20

    Defendants.

Case No: 2:21-cv-8569 - PA (PVCx)

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

## I.   INTRODUCTION

Plaintiff[1] Mr. Siaka Massaquoi ("Plaintiff Massaquoi") has been the victim of clear and

---

[1] Plaintiff Massaquoi and *of counsel,* Larry Klayman ("Mr. Klayman") is seeking a pro bono local counsel to enter an appearance in this case so that Mr. Klayman can apply for *pro hac vice* admission. Mr. Klayman, a Florida citizen and resident, has been an attorney continuously in good standing with The Florida Bar since his admission in 1977 and is therefore eligible for *pro hac vice* admission. Like Plaintiff Massaquoi, Mr. Klayman has also been specifically targeted for his political and other beliefs. Mr. Klayman has been targeted by the D.C. Bar disciplinary apparatus, which has shown itself to be highly politicized and fashioned as a weapon against its members who are Republican and/or conservative lawyer activists or politicians. During the Trump years in particular, ethics complaints were filed, accepted and initiated against Trump White House Counsellor Kellyanne Conway over simple remarks she made on cable news,

1

unequivocal constitutional violations by Defendants Christopher A Wray ("Defendant Wray"), Chad Warren ("Defendants Warren") and Unidentified FBI Agents that are compensable under *Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Indeed, government officials, employees, and their agents who commit unconstitutional acts are not legally immune from suit and are subject to being held personally liable. *See Trulock vs. Freeh et al*, 275 F.3d 391 (4th Cir. 2001). Exhibit 1.

On January 6, 2021, hundreds of thousands, estimated as high as one million, U.S. citizens gathered in Washington, D.C. to exercise their civil and constitutional rights guaranteed under the First Amendment to the U.S. Constitution to expression of free speech (well-established to include both verbally spoken and written speech and also expressive action), to peaceably assemble, and to petition their government for redress of grievances. Am. Comp. ¶ 16. Like major demonstrations before in Washington, D.C., U.S. citizens numbering as high as one

---

[https://www.washingtonpost.com/politics/law-professors-file-misconduct-complaint-against-kellyanne-conway/2017/02/23/442b02c8-f9e3-11e6-bf01-d47f8cf9b643_story.html ] against former Trump Attorney General William Barr [https://thehill.com/regulation/court-battles/508489-more-than-two-dozen-dc-bar-members-urge-disciplinary-probe-of-ag] (the complaint was outrageously and incredibly filed by all prior presidents of the bar as well as a former senior bar counsel) for withdrawing the indictment of General Mike Flynn and for remarks he made on Fox News, Senators Ted Cruz[ https://www.texasstandard.org/stories/lawyers-law-students-officially-file-grievances-seeking-to-disbar-senator-ted-cruz/] and Josh Hawley [https://thehill.com/homenews/state-watch/534783-attorneys-urge-missouri-supreme-court-to-probe-hawleys-actions] over their role in advocating for President Trump in the last election, and of course former U.S. Attorney Rudy Giuliani [https://www.law.com/newyorklawjournal/2021/03/03/nyc-bar-details-complaints-calling-for-full-attorney-discipline-investigation-of-giuliani/#:~:text=Under%20the%20New%20York%20state,censured%20or%20receive%20no%20punishment' over his representation of President Trump, to name just a few.

To the contrary, when a complaint was filed against fellow leftist Democrat lawyer David Kendall of Williams & Connolly over his admitted involvement in the destruction of Hillary Clinton's 33,000 emails illegally retained on a private server, which complicity is not even in dispute, ODC summarily and quickly rejected a complaint filed by conservative lawyer and public interest advocate Ty Clevenger, [Ty Clevenger, State bar prosecutors are flouting the law, protecting Hillary Clinton and her lawyers, LawFlog, available at: https://lawflog.com/?p=1389] who ODC has also attempted to disbar, until they drove him into submission due to the cost of defending himself, and he simply resigned.

It has been difficult finding local counsel because of fear of retaliation by the Biden US Department of Justice and its FBI, particularly in liberal and anti-Trump California. However, Mr. Klayman continues to seek pro bono local counsel.

a) Samsung phone with charger
b) Red MAGA hat
c) Two radios with charger
d) Lexar USB
e) Black USB
f) Purple USB
g) Micro SD card
h) HP computer with charger serial number 5CD9261PX4
i) DELL laptop
j) Black micro SD adapter
k) Micro SD adapter
l) Micro SD adapter with case
m) Red portable drive
n) Composition book
o) Samsung galaxy S8

This "Receipt for Property" numbered 266T-LA-3399995 is signed by Defendant Warren. AM. Comp. ¶ 50. The descriptions by the FBI on "Receipt for Property" numbered 266T-LA-3399995 are inadequate to identify the property seized (except for the computer with serial number) and the seizure is unreasonable and improper for that reason as well, notwithstanding the lack of probable cause for the search and seizure. Am. Comp. ¶ 51. Plaintiff Massaquoi, through counsel, has demanded the immediate return of these items unlawfully seized without probable cause from his home, but Defendants have refused to comply, causing continuing severe damage to Plaintiff.

It was revealed that the purported basis for the "probable cause" to violently raid Plaintiff Massaquoi's residence was solely because Plaintiff Massaquoi was in a social media group with Russ Taylor, who had previously been raided by the FBI. This was admitted to the Los Angeles Times that "The raid took place because of the two men's associations on "a social media app," according to the law enforcement source." Am. Comp. ¶ 63. Thus, Defendants allegedly invaded Plaintiff's home only because he belonged to a group on a communication platform, Telegram. Am. Comp. ¶ 64.

Telegram is an alternative social media system which provides text messaging services and internet-based telephone calls, usually running on a smart cell phone as an "app" or separate application software. However, Telegram also allows text messages to be sent to all of a user's followers as a group, indiscriminately, rather than simply a text message from one person to

another, or to all of the members of a topical or membership group. Because of the design of Telegram, messages can be and often are broadcast out to a group without targeting a specific individual recipient or knowing if any particular individual ever read the message. It was further revealed that Mr. Massaquoi's home had been violently raided because someone on Telegram had blasted to a large group, which Plaintiff was a part of, "How to bring weapons in without getting caught." Am. Comp. ¶ 68. Plaintiff Massaquoi never responded to or even saw this message. Am. Comp. ¶ 69. Thus, there was absolutely no "probable cause" to violently raid Plaintiff Massaquoi's home over his membership in a group on Telegram.

The bottom line is this—Plaintiff Massaquoi was around the Capitol on January 6, 2021, and simply peacefully assembled and protested. At the Capitol, Plaintiff Massaquoi peered into an open door, walked a few steps in the U.S. Capitol, and took photographs and video with his smart phone. Then, per the request of law enforcement officers, moved away from the doorway. Am. Comp. ¶ 77. At all times, Plaintiff Massaquoi complied with the law, and only took a few steps into the U.S. Capitol to record on this phone because law enforcement officers were inviting people in. Then, when he was told to leave by law enforcement, he immediately complied and left. There was simply nothing even close to a criminal act here.

Thus, ultimately, the Defendants had absolutely no "probable cause" to violently raid Plaintiff Massaquoi's home and seize his property. As pled in the Amended Complaint, it is highly likely that the "warrant" used by Defendants was either fraudulent or obtained through fraud, further evidenced by the Defendants' hesitance to even show it to Plaintiff Massaquoi until they had already egregiously violated his constitutional rights. This will be borne out in discovery, and is why dismissal is improper.

## II. THE LAW

In the Court's December 1, 2021 order granting Defendants' Motion to Dismiss, it made the express finding that "Plaintiff's *Bivens* claim against Agent Warren could stand to the extent that it alleges that Agent Warren was acting in his individual capacity in causing a Fourth or Fifth Amendment violation." The Court found that because the Plaintiff's Massaquoi's Complaint did not make this allegation, dismissal was proper, but leave to amend should be

granted. In this regard, Plaintiff Massaquoi complied with the Court's directive and included specific allegations that Defendants Warren and Wray were acting in their individual capacities to violate Plaintiff Massaquoi's constitutional rights:

> Defendant…Wray is an individual and is being sued individually and in his individual capacity as of Director of the FBI. **Wray is being sued in his individual capacity**. Am. Comp. ¶ 9. (emphasis added)

> Defendant…Warren is an individual and is being sued individually and in his individual capacity as a Special Agent for the FBI who operates out of the Los Angeles Field Office of the FBI. **Warren is being sued in his individual capacity. Am. Comp. ¶. 10. (emphasis added).**

> The Defendants, acting in concert, are being sued in their individual capacities. Am. Comp. ¶ 113.

Thus, the Amended Complaint now contains the specific allegations that the Defendants were acting in their individual capacities when violating Plaintiff Massaquoi's constitutional rights, and pursuant to the Court's December 1, 2021, must now survive dismissal.

This is further underscored by *Trulock v. Freeh*, 275 F.3d 391 (4th Cir. 2001), a landmark case before the U.S. Court of Appeals for the Fourth Circuit. Plaintiffs, an ex-intelligence official in the Department of Energy and his assistant, sought review of an order of the U.S. District Court for the Eastern District of Virginia, which dismissed their action against defendants, FBI Director Louis Freeh, his agents, and his supervisors, alleging an unconstitutional seizure and search of their home and computer in retaliation for the official's published criticism of the FBI. *Id.* at 397-98. The U.S. Court of Appeals for the Fourth Circuit held that plaintiffs First Amendment claim could proceed and that the officials, including FBI Director Freeh, were not entitled to qualified immunity because "a public official may not misuse his power to retaliate against an individual for the exercise of a valid constitutional right. Id. at 405. Additionally, the court ordered the case to proceed to discovery. *Id.* This full opinion is attached hereto as Exhibit 1.

The *Trulock* case mirrors this instant case almost identically, as the allegations contained herein involve government officials misusing their powers to retaliate against an individual who had exercised his constitutional rights. Here, Plaintiff Massaquoi's Fourth and Fifth Amendment

# **CERTIFICATE OF SERVICE**

I, Siaka Massaquoi, a resident of North Hollywood, CA, and of at least 18 years of age, certify that I have sent the foregoing on February 28, 2022, to using the USPS's certified mailing process to deliver the attached pleading to the Court and to the Attorneys for the Defendants. I also certify that the foregoing has been filed with the United States District Court for the Central District of California Western Division on this day, February 28, 2022.

Person(s) to Whom mailed:

Tracy L. Wilkison
Acting United States Attorney

David M. Harris
Assistant United States Attorney
Chief, Civil Division

Joanne S. Osinoff
Assistant United States Attorney
Chief, General Civil Section

Talya M. Seidman
Assistant United States Attorney
          Federal Building, Suite 7516
          300 North Los Angeles Street
          Los Angeles, California 90012
          (213) 894-7137
          Talya.Seidman@usdoj.gov

Siaka Massaquoi
7029 Bellaire Avenue
North Hollywood, CA 91605
Siakamassaquoi@gmail.com

By _____ 2/28/22
       Siaka Massaquoi

rights were grossly violated simply because he had exercised his constitutional First Amendment rights to peacefully assemble and protest. Thus, this case must survive dismissal and proceed to discovery.

### III. CONCLUSION

Based on the foregoing, the Defendants' motion to dismiss must be denied, and this case proceed to discovery expeditiously.

Dated: February 28, 2022                    Respectfully submitted,

_____
SIAKA MASSAQUOI
C/O 269 S. BEVERLY DRIVE #1298
BEVERLY HILLS, CA, 90621
TEL: 3107507362
EMAIL: SIAKAMASSAQUOI@GMAIL.COM

*Plaintiff Pro Se*

LARRY KLAYMAN, ESQ.
FREEDOM WATCH, INC.
7050 W. PALMETTO PARK RD
BOCA RATON, FL, 33433
TEL: 561-558-5336
EMAIL: LEKLAYMAN@GMAIL.COM

*Of Counsel/ Pro Hac Vice To be Filed*