TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
TALYA M. SEIDMAN (Cal. Bar No. 336534)
Assistant United States Attorney
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-7137
        Facsimile: (213) 894-7819
        E-mail: Talya.Seidman@usdoj.gov

Attorneys for Defendants
Christopher Wray and Chad Warren

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SIAKA MASSAQUOI,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, CHAD WARREN,<br><br>Defendants. | Case No. 2:21-cv-08569-SVW-PD<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:   March 21, 2022<br>Hearing Time:   1:30 p.m.<br>Ctrm:           10A<br><br>Honorable Stephen V. Wilson<br>United States District Judge |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff sues FBI Director Christopher Wray and FBI Special Agent Chad Warren in their individual capacities. Yet, other than conclusory allegations that cannot withstand *Twombly*, Plaintiff does not present any argument or authority why he should be permitted to proceed with this baseless litigation. Plaintiff ignores that the Court rejected the same allegations presented in the Amended Complaint in *Massaquoi I*. Plaintiff ignores that he was permitted to amend the complaint in *Massaquoi I*, but instead of amending the complaint, he voluntarily dismissed it. He then filed a small claims complaint in Los Angeles County Superior Court presumably to avoid the findings in *Massaquoi I*. Plaintiff ignores that after Defendants removed the small claims complaint, this Court gave him another opportunity to amend the complaint. Instead of addressing the deficiencies identified by this Court in its December 1, 2021 Order, and in the August 16, 2021 *Massaquoi I* Order, Plaintiff filed a nearly identical complaint that had previously been found deficient in *Massaquoi I*. Plaintiff's continued gamesmanship with this Court's valuable time should be rejected. The amended complaint should be dismissed with prejudice and without leave to amend.

## II. ARGUMENT

Plaintiff contends that he should survive the motion to dismiss and be permitted to proceed with his *Bivens* claims against Director Wray and Special Agent Warren because the amended complaint alleges that "Defendants Warren and Wray were acting in their individual capacities to violate Plaintiff Massaquoi's constitutional rights." Dkt. 22 ("Opp'n.") at 5:1-13. Such conclusory allegations, however, cannot withstand the fair notice requirement under Fed. R. Civ. P. 8. *See Massaquoi I*, Dkt. 4 at 3 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007)).

As an initial matter, Plaintiff does not address the Court's prior finding that Director Wray cannot be sued for vicarious liability because there is no supervisor liability in a *Bivens* claim. *Id.* at 7; *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)

("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Pellegrino v. United States*, 73 F.3d 934, 936 (9th Cir. 1996) (*Bivens* liability is premised on proof of direct personal responsibility). Other than comparing Director Wray's public comments regarding the prosecution of the Capitol Hill rioters as analogous to the "Secret Police" and the "Gestapo," Plaintiff does not allege that Director Wray was involved in the June 10, 2021, search of his residence. *See* Dkt. 20 (Am. Compl. ¶¶ 24-26, 30-86). Plaintiff therefore cannot state a claim against Director Wray, and Director Wray must be dismissed with prejudice.

Similarly, Plaintiff relies on the same conclusory allegation that Special Agent Warren violated his constitutional rights. Opp'n. at 5:6-8; Am. Compl. ¶ 10. Plaintiff, however, does not allege what unconstitutional actions Special Agent Warren allegedly took that could state a claim. Instead, Plaintiff is challenging the issuance of the warrant itself. *See* Opp'n. at 1:19-20 (speculating that "it is highly likely that the 'warrant' used by Defendants was either fraudulent or obtained through fraud"). *Bivens* claims, however, are barred in such circumstances. Plaintiff notably does not address the Supreme Court case, *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012), that a search conducted pursuant to a warrant shields the officer conducting the search from a *Bivens* claim. *Messerschmidt* in fact found that "even assuming that the warrant should not have been issued," the agent executing the warrant is entitled to qualified immunity. *Id.* at 546. Plaintiff cannot state a *Bivens* claim under the Fourth Amendment against Special Agent Warren.[1]

---

[1] In addition, it appears that Plaintiff's *Bivens* claim against Special Agent Warren is based on his role as the "apparent leader" of the search team. *See* Am. Compl. ¶ 33. Again, a *Bivens* claim cannot lie against an individual on the grounds of respondeat superior. Plaintiff, moreover, does not allege that anyone violated his constitutional rights during the search. *See id.* ¶¶ 33-47. Instead, he is challenging the warrant underlying the search which, as explained above, cannot form the basis for a *Bivens* claim under *Messerschmidt*.

Instead of addressing the authority cited in the moving brief or in the *Massaquoi I* and *Massaquoi II* Orders, Plaintiff relies on a single case: *Trulock v. Freeh*, 275 F.3d 391 (4th Cir. 2001) where the Fourth Circuit found that the plaintiff had stated a First Amendment violation.[2] *See* Opp'n. at 5:14-28; 7:1-3. *Trulock* does not support Plaintiff. First, *Trulock* is an out-of-circuit decision decided more than 20 years ago, well before *Ziglar v. Abbasi*, —U.S.—, 137 S. Ct. 1843, 1856-57 (2017). As this Court has previously found, *Abbasi* severely restricted the availability of *Bivens* remedies outside certain situations within the Fourth, Fifth and Eighth Amendment context. *Massaquoi I*, Dkt. 4 at 5, 6. The Court concluded that Plaintiff's First Amendment claim failed to meet the requirements under Fed. R. Civ. P. 8 because the complaint "fail[ed] to provide each Defendant with fair notice of how their individual actions resulted in the deprivation of Plaintiff's First Amendment right." Id. at 6. The Court is correct. Plaintiff has not stated how his First Amendment rights were violated when he avers that he freely exercised his First Amendment rights. Opp'n. at 5:9-11 ("The bottom line is this—Plaintiff Massaquoi was around the Capitol on January 6, 2021, and simply peacefully assembled and protested. At the Capitol, Plaintiff Massaquoi peered into an open door, walked a few steps in the U.S. Capitol, and took photographs and video with his smart phone."). Plaintiff therefore admits that he exercised his First Amendment rights and Special Agent Warren did not prevent him from doing so.

The facts of *Trulock*, moreover, are inapposite. *Trulock* involved the former Director of the Office of Intelligence of the U.S. Department of Energy ("DOE") and the DOE's Director of the Office of Counterintelligence. *Trulock*, 275 F.3d at 397. After serving in these positions, Trulock wrote an account of his findings that Chinese spies had systematically penetrated U.S. weapons laboratories, most significantly the Los Alamos Nuclear Laboratory, but that the White House, the FBI, and the CIA ignored his

---

[2] Larry Klayman argued on behalf of the appellants in *Trulock*. 275 F.3d at 397. It therefore appears that Mr. Klayman is practicing in this case despite having failed to file a *pro hac vice* application or obtain approval from the Court.

repeated warnings. *Id.* Trulock lived with Linda Conrad who had reported to Trulock during his tenure. *Id.* On the morning of July 14, 2000, Conrad alleges that when she arrived at work, she was told that the FBI wanted to question her about Trulock. *Id.* at 398. Conrad alleges that she was questioned for about three hours, and towards the end of the interview, she signed a form that was not explained to her, and which she did not read. *Id.* She alleges that she learned afterwards that she had consented to the search of the townhouse she shared with Trulock. *Id.* The FBI conceded that it did not have a warrant, and relied on Conrad's consent. *Id.* at 401. In contrast, here, the search was conducted pursuant to a warrant, protecting Special Agent Warren from a *Bivens* claim under *Messerschmidt* regardless of whether the claim is under the First or Fourth Amendment.

Further, the Fourth Circuit found that Trulock had stated a First Amendment claim because Trulock had alleged that the search was in retaliation for publishing an article critical of the government. *Trulock*, 275 F.3d at 404. Here, the opposite is true. Plaintiff admits that he exercised his First Amendment rights to assemble on January 6, 2021. Opp'n. at 5:9-11. Any search of his home was pursuant to a warrant, presumably based on Plaintiff's admitted entry into the Capitol. Based on Plaintiff's admissions that he entered the Capitol to take photographs and videos disprove that the "warrant was 'based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *Messerschmidt*, 565 U.S. at 547 (citation omitted). Finally, as this Court has already noted, it is questionable whether Plaintiff's First Amendment claim could survive *Abbasi*, especially where his First Amendment claim is so attenuated from the actions of Special Agent Warren.

In sum, Plaintiff cannot make a *Bivens* claim against either Director Wray or Special Agent Warren. Plaintiff was afforded the opportunity to amend the nearly identical "Amended Complaint" in *Massaquoi I*. He did not. He was given the opportunity to amend in *Massaquoi II*, and filed the deficient complaint in *Massaquoi I*. Plaintiff's gamesmanship must end. Defendants respectfully request that the Court grant

this motion and dismiss the Amended Complaint with prejudice and without leave to amend.

### III. CONCLUSION

For the foregoing reasons, and those set forth in the moving brief, Defendants respectfully request that the Court grant this motion.

Dated: March 4, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

　/s/ *Talya M. Seidman*
TALYA M. SEIDMAN
Assistant United States Attorney

Attorneys for Defendants
Christopher Wray and Chad Warren