## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

# JS-6

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-08569-SVW | Date | March 15, 2022 |
|---|---|---|---|
| Title | *Siaka Massaquoi v. Federal Bureau of Investigation et al.* | | |

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**      ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE [21]

On January 6, 2021, *pro se* Plaintiff Siaka Massaquoi entered the United States Capitol building. The FBI subsequently investigated Plaintiff's role in the Capitol riot, executed a search warrant at Plaintiff's home, and seized certain of Plaintiff's belongings.   Plaintiff's amended complaint attempts to allege various First, Fourth and Fifth Amendment *Bivens* claims and a Privacy Act claim arising out of this investigation.   *See* Am. Compl. ¶ 49, ECF No. 20.   Before the Court is a motion to dismiss brought by FBI Director Christopher Wray ("Director Wray") and Special Agent Chad Warren ("Agent Warren") (collectively, "Defendants").   *See* ECF No. 21.

Plaintiff's 136-paragraph amended complaint is his third complaint in this matter.   Following dismissal of Plaintiff's second complaint, the Court granted Plaintiff leave to amend with instructions as to curing the deficiency.   *See Lopez v. Smith*, 203 F.3d 1122, 1124, 1127-29 (9th Cir. 2000) (en banc).

The amended complaint—which is nearly identical to Plaintiff's initial complaint—must be dismissed.[1]   As with his previous complaints, Plaintiff misconstrues the law and fails to plead the requisite factual detail to state a claim.[2]

---

[1] Plaintiff's first complaint was dismissed by Magistrate Judge Donahue in July 2021.   Case No. 2:21-cv-05722, ECF Nos. 1, 4.   Rather than amending his complaint, Plaintiff filed a notice of voluntarily dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1).   *See id.* at ECF No. 5.   Plaintiff then filed his second complaint in state court, which was removed to this Court and also dismissed.

[2] Though Plaintiff's amended complaint seeks "certification of a class of similarly situated plaintiffs," Plaintiff lacks standing to bring suit on behalf of others.   *See McShane v. United States*, 366 F.2d 286, 288-89 (9th Cir. 1966).   As Judge Donahue's order explained, Plaintiff's status as a pro se litigant precludes him from bringing a class action.   *See id.*

_____   :   _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08569-SVW | Date | March 15, 2022 |
|---|---|---|---|
| Title | *Siaka Massaquoi v. Federal Bureau of Investigation et al.* | | |

First, Plaintiff's First, Fourth, and Fifth Amendment *Bivens* claims as to Director Wray fail because Plaintiff does not plead any facts showing that Director Wray caused any supposed Constitutional wrong.   *See* Am. Compl. ¶¶ 23–25; *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).   Similarly, Plaintiff's claims as to Agent Warren fail because they do not meet the requirements of Fed. R. Civ. P. 8(a) and fall outside scope of permissible *Bivens* actions.   *See Ziglar v. Abbasi*, — U.S. —, 137 S. Ct. 1843, 1856–57 (2017); *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012).

Finally, as Judge Donahue explained with respect to Plaintiff's first complaint, Plaintiff's Privacy Act claim fails because such a claim must be brought against an agency defendant, rather than an individual employee.   *See Armstrong v. U.S. Bureau of Prisons*, 976 F. Supp. 17, 23 (D.D.C. 1997). Plaintiff does not assert any claim against the FBI in this amended complaint.   *See generally* Compl.

For these reasons, Defendants' motion is GRANTED.   At this point, permitting additional filings will prejudice Defendants and waste the Court's time.   Not only has Plaintiff been unable to cure deficiencies by amendments previously allowed—with explicit instruction on how to correct the various deficiencies—but any additional amendment would be futile.   *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013); *Zeppeiro v. Green Tree Servicing, LLC*, 2015 WL 12660398, at *11 (C.D. Cal. Apr. 15, 2015).   Plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED.

:

Initials of Preparer

PMC