SIAKA MASSAQUOI
C/O 269 S. BEVERLY DRIVE #1298
BEVERLY HILLS, CA, 90621
TEL: 3107507362
EMAIL: SIAKAMASSAQUOI@GMAIL.COM

*Plaintiff Pro Se*

LARRY KLAYMAN, ESQ.
FREEDOM WATCH, INC.
7050 W. PALMETTO PARK RD
BOCA RATON, FL, 33433
TEL: 561-558-5336
EMAIL: LEKLAYMAN@GMAIL.COM

*Of Counsel/ Pro Hac Vice To be Filed*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

SIAKA MASSAQUOI

Plaintiff,

v.

CHRISTOPHER A. WRAY, CHAD WARREN, UNIDENTIFIED FBI AGENTS #1 THROUGH #20

Defendants.

**Case No: 2:21-cv-8569**

**MOTION FOR RECONSIDERATION**

Plaintiff Mr. Siaka Massaquoi ("Plaintiff Massaquoi") hereby moves for reconsideration of the Court's March 15, 2022 Order granting Defendants Christopher A Wray ("Defendant Wray"), Chad Warren ("Defendants Warren") and Unidentified FBI Agents' Motion to Dismiss (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 60(b).

In the Court's March 15 Order, it incorrectly states that Plaintiff Massaquoi's amended complaint was "nearly identical Plaintiff's initial complaint." Plaintiff Massaquoi respectfully asserts that this is not true, as he complied directly with the directives of the Court.

In the Court's December 1, 2021 order granting Defendants' Motion to Dismiss, it made the express finding that "Plaintiff's *Bivens* claim against Agent Warren could stand to the extent

1

that it alleges that Agent Warren was acting in his individual capacity in causing a Fourth or Fifth Amendment violation." There, Court found that because the Plaintiff's Massaquoi's Complaint did not make this allegation, dismissal was proper, but leave to amend should be granted. Thus, in his Amended Complaint, Plaintiff Massaquoi complied with the Court's directive and included specific allegations that Defendants Warren and Wray were acting in their individual capacities to violate Plaintiff Massaquoi's constitutional rights:

> Defendant…Wray is an individual and is being sued individually and in his individual capacity as of Director of the FBI. **Wray is being sued in his individual capacity**. Am. Comp. ¶ 9. (emphasis added)
>
> Defendant…Warren is an individual and is being sued individually and in his individual capacity as a Special Agent for the FBI who operates out of the Los Angeles Field Office of the FBI. **Warren is being sued in his individual capacity. Am. Comp**. ¶. 10. (emphasis added).
>
> The Defendants, acting in concert, are being sued in their individual capacities. Am. Comp. ¶ 113.

Thus, the Amended Complaint now contains the specific allegations that the Defendants were acting in their individual capacities when violating Plaintiff Massaquoi's constitutional rights. Thus, the Amended Complaint was <u>not</u> "nearly identical," but instead it was amended to comply with the Court's December 1, 202 order.

Furthermore, the Amended Complaint set forth and thus cited as precedent *Trulock v. Freeh*, 275 F.3d 391 (4th Cir. 2001), a landmark case before the U.S. Court of Appeals for the Fourth Circuit. Plaintiffs, an ex-intelligence official in the Department of Energy and his assistant, sought review of an order of the U.S. District Court for the Eastern District of Virginia, which dismissed their action against defendants, FBI Director Louis Freeh, his agents, and his supervisors, alleging an unconstitutional seizure and search of their home and computer in retaliation for the official's published criticism of the FBI. *Id.* at 397-98. The U.S. Court of Appeals for the Fourth Circuit held that plaintiffs First Amendment claim could proceed and that the officials, including FBI Director Freeh, were not entitled to qualified immunity because "a public official may not misuse his power to retaliate against an individual for the exercise of a valid constitutional right. Id. at 405. Additionally, the court ordered the case to proceed to

discovery. *Id.*

The *Trulock* case mirrors this instant case almost identically, as the allegations contained herein involve government officials misusing their powers to retaliate against an individual who had exercised his constitutional rights. Here, Plaintiff Massaquoi's First, Fourth and Fifth Amendment rights were grossly violated simply because he had exercised his constitutional First Amendment rights to peacefully assemble and protest. Thus, this case must survive dismissal and proceed to discovery. This addition in Plaintiff Massaquoi's Amended Complaint further shows why he has pled valid causes of action against the Defendants, and why this case should have proceeded to discovery.

It is apparent that this Court, based on misleading statements by the government, inadvertently thought that the Amended Complaint was identical to the first Complaint and erroneously dismissed the Amended Complaint, when it was crafted to the strictures of this Court's prior order.

BASED ON THE FOREGOING, Plaintiff Massaquoi respectfully requests that his motion be granted, and the Court's order of March 15 be vacated and this matter proceed expeditiously to discovery.

Dated: March 30, 2022            Respectfully submitted,

SIAKA MASSAQUOI
C/O 269 S. BEVERLY DRIVE #1298
BEVERLY HILLS, CA, 90621
TEL: 3107507362
EMAIL: SIAKAMASSAQUOI@GMAIL.COM

*Plaintiff Pro Se*

LARRY KLAYMAN, ESQ.
FREEDOM WATCH, INC.
7050 W. PALMETTO PARK RD
BOCA RATON, FL, 33433
TEL: 561-558-5336
EMAIL: LEKLAYMAN@GMAIL.COM

*Of Counsel/ Pro Hac Vice To be Filed*

# **CERTIFICATE OF SERVICE**

I, Siaka Massaquoi, a resident of North Hollywood, CA, and of at least 18 years of age, certify that I have sent the foregoing on March 30, 2022, using the USPS's certified mailing process to serve the attached pleading to the Court and to the Defendants. I also certify that the foregoing has been filed with the United States District Court for the Central District of California Western Division on this day.

Siaka Massaquoi
7029 Bellaire Avenue
North Hollywood, CA 91605

By _____
    Siaka Massaquoi

4