UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08569-SVW | Date | April 11, 2022 |
|---|---|---|---|
| Title | *Siaka Massaquoi v. Federal Bureau of Investigation et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER DENYING MOTION FOR RECONSIDERATION [26]

Before the Court is Plaintiff Siaka Massaquoi's ("Plaintiff") motion for reconsideration of this Court's March 15, 2022 order dismissing Plaintiff's amended complaint with prejudice. *See* ECF No. 25.

Plaintiff's initial complaint in this matter was screened and dismissed with leave to amend by Magistrate Judge Patricia Donahue. *See* Case No. 2:21-cv-05722-SVW-PD. Plaintiff voluntarily dismissed his complaint, then filed a small claims case in Los Angeles County Superior Court. This new case was removed by Defendants, and is now the instant case, Case No. 2:21-cv-08569-SVW. The Court initially dismissed Plaintiff's complaint with leave to amend. *See* ECF No. 18. After reviewing Plaintiff's amended complaint, the Court dismissed it with prejudice. *See* ECF No. 25.

Plaintiff's claims stem from an FBI investigation into Plaintiff's entry into the United States Capitol building on January 6. Plaintiff's amended complaint attempted to allege various First, Fourth, and Fifth Amendment *Bivens* claims and a Privacy Act claim against FBI Director Christopher Wray ("Director Wray") and Special Agent Chad Warren ("Agent Warren") (collectively, "Defendants"). *See* ECF No. 21. Plaintiff makes two arguments in his motion for reconsideration.

First, Plaintiff's motion takes issue with the Court's characterization of his amended complaint as "nearly identical" to his initial complaint in the matter. Specifically, Plaintiff indicates that, unlike in his original complaint, Paragraphs 9 and 10 of his amended complaint stated that Director Wray and Agent Warrant were being sued in their individual, rather than official, capacities. *See* Am. Compl. ¶¶ 9–10; *see* Mot. at 2.

:

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08569-SVW | Date | April 11, 2022 |
|---|---|---|---|
| Title | *Siaka Massaquoi v. Federal Bureau of Investigation et al.* | | |

However, when the Court dismissed Plaintiff's *Bivens* claims against Director Wray, it was well aware that Plaintiff's amended complaint brought these claims against Director Wray in his individual capacity. Specifically, the order stated, "Plaintiff's First, Fourth, and Fifth Amendment *Bivens* claims as to Director Wray fail because Plaintiff does not plead any facts showing that Director Wray caused any supposed Constitutional wrong." *See* Order at 2, ECF No. 25.

Judge Donahue addressed this same issue when she initially screened Plaintiff's complaint and indicated that "a plaintiff must plead that each Government-official defendant, through [their] own actions, has violated the Constitution." *See* Case No. 2:21-cv-05722-SVW-PD, Order at 5 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009)). Plaintiff's complaint—which compares the FBI to the Third Reich and alleges that "Director Wray has turned the FBI into…his own personal 'Secret Police' or 'Gestapo' to target people who were protesting in the District of Columbia on January 6, 2020," *see* Am. Compl., ¶ 26 —fails to plausibly state how Director Wray violated Plaintiff's Constitutional rights. *See Iqbal*, 556 U.S. at 678. Thus, even though Plaintiff's complaint brought these claims against Director Wray in his individual capacity, the complaint failed.

As to Agent Warren, the Court noted that Plaintiff's claims failed because they did not satisfy the Rule 8 pleading standard and fell outside the scope of permissible *Bivens* actions. *See* Order at 2. For example, despite Plaintiff's allegation that Agent Warren was acting in his individual capacity, Plaintiff's Fourth Amendment claim failed because Plaintiff failed to plead facts indicating what Agent Warren did to deprive Plaintiff of his Fourth Amendment right to be free from unreasonable searches and seizures. As above, Plaintiff's complaint failed to state a "plausible claim for relief." *See Iqbal*, 556 U.S. at 678.[1]

---

[1] For example, Plaintiff's complaint admits that Plaintiff had entered the Capitol on January 6 and that Agent Warren was acting pursuant to a warrant. *See Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012) ("Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.'") (quoting *United States v. Leon*, 468 U.S. 897, 922-23 (1984)). And "[e]ven assuming the warrant should not have been issued," the agent executing the warrant is entitled to qualified immunity. *See id.* For these reasons, Plaintiff's claim against Agent Warren is without merit.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08569-SVW | Date | April 11, 2022 |
|---|---|---|---|
| Title | *Siaka Massaquoi v. Federal Bureau of Investigation et al.* | | |

Plaintiff's Fifth Amendment claim also failed, despite his allegations that Defendants handcuffed, intimidated, and interrogated him, because the Supreme Court has not found a *Bivens* remedy appropriate in this context.[2] *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017); *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (recognizing damages remedy for Fifth Amendment violation of Due Process Clause on the basis of gender discrimination).

Next, Plaintiff's motion argues that this Court did not consider the out-of-circuit *Trulock v. Freeh*, 275 F.3d 391 (4th Cir. 2001), which he cited in his opposition to Defendants' motion to dismiss. To the contrary, the Court did consider *Trulock*, but found it inapposite for the reasons stated in Defendants' reply. *See* Reply at 3–4.

In *Trulock*, the former Director of the Office of Intelligence of the U.S. Department of Energy Notra Trulock alleged that he had uncovered evidence of Chinese spies penetrating U.S. weapons laboratories. *See Trulock*, 275 F.3d at 397. He wrote a manuscript documenting his claims, from which the *National Review* published an excerpt including information that was highly critical of the FBI and other government departments. *See id.* at 404. The FBI conducted a search of plaintiff's home based on consent agents received from his assistant; however, the agents had falsely claimed they had a warrant to conduct the search. *Id.* at 398. Moreover, the plaintiff alleged that the FBI commenced an official investigation without a criminal referral. *Id.* at 405.

Plaintiff does not allege that Agent Warren was acting without a warrant, like the FBI Agents in *Trulock*. *See Trulock*, 275 F.3d at 398. Instead, at its most specific, Plaintiff's complaint includes allegations like, "The Defendants, acting in concert, broke into Massaquoi's house at around 5:45 AM on June 10, 2021, to intimidate by [sic] Massaquoi and other U.S. citizens from exercising their right to peaceably assemble if their viewpoints disagree with the prevailing thoughts and consensus among political elites." *See* Am. Compl. ¶ 103. Such allegations do not give rise to a plausible basis for relief.

For these reasons, the Court DENIES Plaintiff's motion for reconsideration.

IT IS SO ORDERED.

---

[2] Plaintiff's First Amendment Retaliation claim also failed for lack of a cognizable *Bivens* remedy.

                                                                              :
                                                        _____
                                                        Initials of Preparer
                                                                   PMC