**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SIAKA MASSAQUOI, as a natural person, on behalf of himself and all others similarly situated,<br><br>           Plaintiff-Appellant,<br><br> v.<br><br>FEDERAL BUREAU OF INVESTIGATION; et al.,<br><br>           Defendants-Appellees. | No. 22-55448<br><br>D.C. No. 2:21-cv-08569-SVW-PD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted August 18, 2023[**]
Pasadena, California

Before: TASHIMA, CHRISTEN, and SUNG, Circuit Judges.

    Plaintiff-Appellant Siaka Massaquoi appeals the district court's order

dismissing with prejudice his pro se amended complaint, which alleges that the

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Federal Bureau of Investigation (FBI) Director and agents violated his constitutional rights. Massaquoi seeks damages pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] A motions panel of our court previously granted Defendants' motion for summary affirmance as to Massaquoi's First and Fifth Amendment claims, so we address only his remaining Fourth Amendment claim. Because the parties are familiar with the facts of this case, we do not recite them. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's order granting Defendants' motion to dismiss the amended complaint for failure to state a claim, *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022), and review for abuse of discretion the district court's denial of reconsideration and leave to amend, *Havensight Cap. LLC v. Nike, Inc.*, 891 F.3d 1167, 1171 (9th Cir. 2018). We construe Massaquoi's pro se complaint liberally, mindful that it was properly dismissed only "if it appears beyond doubt that [Massaquoi] can prove no set of facts in support of his claim which would entitle him to relief on his claim."

---

[1] The district court also dismissed Massaquoi's claim under the Privacy Act. Because Massaquoi does not challenge the dismissal of his Privacy Act claim on appeal, we do not address it. *See Dep't of Fish & Game v. Fed. Subsistence Bd.*, 62 F.4th 1177, 1179 n.1, 1181 n.3 (9th Cir. 2023) (noting that causes of action and claims for relief not raised on appeal are forfeited).

*Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)).

The Supreme Court has repeatedly emphasized that expanding the *Bivens* remedy is a "disfavored judicial activity" and for some time the Court has consistently declined to extend *Bivens* to any new context or new category of defendants.  *See, e.g.*, *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022); *Ziglar v. Abbasi*, 582 U.S. 120, 135–36 (2017).  Our analysis of a *Bivens* claim proceeds in two steps.  First, we ask whether the case presents "a new *Bivens* context—*i.e.*, is it meaningfully different from the three cases in which the Court has implied a damages action[?]" *Egbert*, 142 S. Ct. at 1803 (alteration accepted) (internal quotation marks and citation omitted).  Second, if a claim arises in a new context or category of defendants, "a *Bivens* remedy is unavailable if there are special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id.* (internal quotation marks and citation omitted).  In particular, "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide[] an alternative remedial structure." *Id.* at 1804 (internal quotation marks and citation omitted).

We affirm the district court's ruling.  Massaquoi's Fourth Amendment claim presents a new *Bivens* context because the agents had a search warrant, and the

claim involves a new category of defendants, the FBI agents and the FBI Director. We also discern a dispositive special factor: Congress has authorized the Executive to provide an alternative remedial structure for claims like Massaquoi's. *See* 5 U.S.C. § 301. Under Department of Justice regulations implemented pursuant to Congress's statutory mandate, Massaquoi may report non-frivolous allegations of misconduct to the Department's Office of the Inspector General (OIG), which may investigate the allegations or refer them for investigation by another department. *See* 5 U.S.C. § 413(b)(2), (d); 28 C.F.R. §§ 0.29c(d), 0.29h. We have held that similar OIG procedures are adequate alternative remedies for *Bivens* purposes. *See Pettibone v. Russell*, 59 F.4th 449, 456–57 (9th Cir. 2023) (addressing the Department of Homeland Security's OIG grievance procedures). We are not free to second-guess the Executive's determination that this "remedial process [is] sufficient to secure an adequate level of deterrence." *Egbert*, 142 S. Ct. at 1807. Accordingly, the district court properly dismissed Massaquoi's amended complaint and did not err in denying reconsideration.

    **AFFIRMED.**